UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:21-CV-00340-GNS

ARTIN PRINTING CO., LTD.                                                                                          PLAINTIFF

v.

FOUR COLOUR IMPORTS, LTD.
d/b/a FOUR COLOUR PRINT GROUP                                                                        DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Default Judgment (DN 18). The motion is ripe for adjudication. For the reasons below, the motion is **GRANTED**.

### I.      SUMMARY OF THE FACTS

Defendant Four Colour Imports, Ltd., doing business as Four Colour Print Group, ("Four Colour") ordered books from Plaintiff Artin Printing Co., Ltd. ("Artin"). (Compl. ¶ 9, DN 1). From 2019 to May 2020, Four Colour ordered books worth $499,733.14, which Artin delivered and invoiced. (Compl. ¶¶ 10-14). Four Colour did not make a timely payment. (Compl. ¶ 13). After several partial payments, Four Colour ultimately failed to repay $443,739.57. (Compl. ¶¶ 21-22). Artin initiated this action to recover the unpaid amount. (Compl.).

In July 2022, Artin served Naveen Doki, Four Colour's President and Director at the time of its dissolution.[1] (Pl.'s Mot. Ext. Time 2-3, DN 15). Four Colour did not file an answer, so the Clerk of the Court entered default against it. (Entry Default, DN 17). Artin now moves for default judgment. (Pl.'s Mot. Default J., DN 18). Four Colour has not filed a response.

---

[1] Four Colour was administratively dissolved on May 4, 2021. (Compl. ¶ 3); *see Four Colour Imports, Ltd.*, Ky. Sec'y State, https://tinyurl.com/yvkexbj4 (last visited Apr. 12, 2023).

## II.     JURISDICTION

The Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

## III.     STANDARD OF REVIEW

When a defendant fails to plead or otherwise defend against an action, a district court may enter a default judgment against them. *See* Fed. R. Civ. P. 55(b). To obtain a default judgment, the moving party must first request an entry of default under Fed. R. Civ. P. 55(a). *See Ramada Franchise Sys., Inc. v. Baroda Enters., LLC*, 220 F.R.D. 303, 305 (N.D. Ohio 2004) ("Entry of a default . . . is a prerequisite to entry of a default judgment under Rule 55(b)." (internal citation omitted)). This entry "conclusively establishes every factual predicate of a claim for relief." *Malibu Media, LLC v. Schelling*, 31 F. Supp. 3d 910, 911 (E.D. Mich. 2014) (quoting *Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007)).

"Even when a default judgment is warranted based on a party's failure to defend," the amount in damages is not accepted as true, so "[t]he district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009) (internal quotation marks omitted) (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)); *accord Kelley v. Carr*, 567 F. Supp. 831, 841 (W.D. Mich. 1983) ("A default judgment on well-pleaded allegations establishes only defendant's liability; plaintiff must still establish the extent of damages." (citations omitted)). Fed. R. Civ. P. 55(b)(2) permits courts to "conduct hearings or make referrals" when making this finding but are not required "if damages are contained in documentary evidence or detailed affidavits and can be ascertained on the record before the court." Fed. R. Civ. P. 55(b)(2)(B); *Long John Silver's, LLC v. GKRM, Inc.*, No. 3:20-CV-00488-GNS, 2021 U.S. Dist. LEXIS 164714, at *7 (W.D. Ky. Aug. 31, 2021) (internal quotation marks omitted) (citation omitted).

## IV. DISCUSSION

As noted above, Artin moved for, and the Clerk entered, default against Four Colour. (*See* Pl.'s Mot. Entry Default, DN 14; Entry Default). Artin alleges three causes of action against Four Colour, but all three seek alternative relief for the same debt. (*See* Compl. ¶¶ 25-29 (breach of contract), 30-36 (account stated), 37-44 (unjust enrichment); *see also* Pl.'s Mot. Default J. 4 (explaining that Counts II and III were alternatively pled to the breach of contract claim)). "Under Kentucky law, the elements of a breach-of-contract claim are: (1) the existence of a valid contract; (2) breach of the contract; and (3) damages or loss caused by the breach." *Myers v. AgriLogic Ins. Servs., LLC*, 694 F. App'x 373, 376 (6th Cir. 2017) (citing *Metro Louisville/Jefferson Cnty. Gov't v. Abma*, 326 S.W.3d 1, 8 (Ky. App. 2009)). The Complaint sufficiently pleads this claim.

The Complaint alleges that, between late-2019 and May 2020, Four Colour ordered book prints from Artin worth $499,733.14, which Artin printed and shipped to Four Colour. (Compl. ¶¶ 9-13). Artin maintains that the books were "manufactured and delivered free from defect and in conformity with [Four Colour]'s instructions." (Compl. ¶ 12). Artin issued invoices reflecting this balance, but Four Colour did not make a timely payment. (Compl. ¶¶ 13-14). Artin and Four Colour created, and then revised, a repayment plan,[2] and Four Colour then made "a few small partial payments" to the balance. (Compl. ¶¶ 15-21). Four Colour ultimately did not repay the full balance, so it owes $443,739.57 for the books. (Compl. ¶¶ 21-22). Taking these allegations as true, Artin has established Four Colour's liability. *See Malibu Media, LLC*, 31 F. Supp. 3d at 911; *Kelley*, 567 F. Supp. at 841. Artin's Executive Director and CFO, Steve Kim ("Kim"), further

---

[2] Four Colour proposed that it would pay for future orders with a designated escrow account and would began repaying the balance with an initial payment of $80,000 and weekly payments thereafter of $8,077. (Compl. ¶¶ 15-16). Four Colour quickly renegotiated the terms to make $5,000 weekly payments for four weeks and then $20,000 monthly payments until fully repaid. (Compl. ¶ 18). Artin accepted both propositions. (Compl. ¶¶ 17, 19).

corroborates this information and confirms Four Colour's owed balance of $443,739.57. (*See* Kim Decl., DN 18-1). Therefore, Artin has also established the damages aspect of the breach of contract claim. *See Long John Silver's, LLC*, 2021 U.S. Dist. LEXIS 164714, at *7.

Artin asserts that it is entitled to pre-judgment interest pursuant to KRS 360.010. (*See* Compl. ¶ 29; Pl.'s Mot. Default J. 5-6). Artin has not provided a written contract related to Four Colour's orders or outstanding balance, nor has it provided any of the invoices referenced in the Complaint, and KRS 360.010 explicitly provides that pre-judgment interest is available only pursuant to a written agreement. *See* KRS 360.010(3) ("The party entitled to be paid in any *written* contract or obligation specifying a rate of interest shall be entitled to recover interest after default at the rate of interest as is expressed in the contract . . . ." (emphasis added)); KRS 360.010(4) ("The party entitled to be paid in any *written* contract or obligation not specifying a rate of interest or to which no interest rate otherwise applies shall be entitled to recover interest after default and until judgment at the legal rate of interest." (emphasis added)). Therefore, pre-judgment interest cannot be awarded.

### V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment (DN 18) is **GRANTED**. Judgment is **GRANTED** in Plaintiff's favor in the amount of $443,739.57. The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

April 26, 2023

cc: counsel of record