UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:21-CV-00340-GNS

ARTIN PRINTING CO., LTD. PLAINTIFF

v.

FOUR COLOUR IMPORTS, LTD.
d/b/a FOUR COLOUR PRINT GROUP DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Default Judgment (DN 34). The motion is ripe for adjudication.

## I. STATEMENT OF FACTS

Plaintiff Artin Printing Co., Ltd. ("Artin") is a South Korea-based printer and manufacturer of books. (Compl. ¶ 8, DN 1). Between late 2019 and 2020, Artin fulfilled a series of book-printing orders placed by Defendant Four Colour Imports, Ltd. ("Four Colour"), a Kentucky-based print broker serving U.S. publishers. (Compl. ¶¶ 7, 9-11). Artin completed the orders, delivering the goods pursuant to Four Colour's instructions. (Compl. ¶¶ 11-12). Four Colour, however, failed to remit the $443,739.57 payment. (Compl. ¶¶ 10-13, 22).

On April 26, 2023, this Court entered judgment in favor of Artin and against Four Colour in the amount of $443,739.57, plus post-judgment interest. (Mem. Op. & Order 4, DN 19; J., DN 20). Since entry of judgment, Artin has undertaken post-judgment discovery and execution efforts, including the issuance of subpoenas to financial institutions, lenders, and Four Colour's former chief executive officer, George Dick ("Dick"). (Pl.'s Mot. Leave File 1-2, DN 24). A writ of

execution was also issued and served but returned unsatisfied. (Pl.'s Mot. Leave File 1-2; Writ Execution 4, DN 23).

The Court allowed Artin to file supplemental proceedings seeking recovery from Dick individually. (Order, DN 25). Dick failed to respond to the supplemental proceeding and the Clerk entered default against him. (Pl.'s Suppl. Proceeding, DN 26; Clerk's Entry Default, DN 31). Artin now seeks default judgment against Dick. (Pl.'s Mot. Default J., DN 34).

## II. <u>DISCUSSION</u>

Pursuant to Fed. R. Civ. P. 55, a court may enter a judgment of default against a defendant who fails to plead or otherwise defend against an action. *See* Fed. R. Civ. P. 55(b). To obtain a judgment by default, the moving party must initially request that the Clerk of the Court enter a default under Fed. R. Civ. P. 55(a). *See Ramada Franchise Sys., Inc. v. Baroda Enters., LLC*, 220 F.R.D. 303, 305 (N.D. Ohio 2004) ("Entry of a default . . . is a prerequisite to entry of a default judgment under Rule 55(b)." (internal quotation marks omitted) (internal citation omitted)).

Upon the entry of a default under Fed. R. Civ. P. 55(a), all the well-pled allegations in the complaint are deemed admitted. *See Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006) (citations omitted); *accord Malibu Media, LLC v. Schelling*, 31 F. Supp. 3d 910, 911 (E.D. Mich. 2014) ("The entry of default 'conclusively establishes every factual predicate of a claim for relief.'" (quoting *Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007))); *O'Neal v. Nationstar Mortg.*, No. 1:07-CV-505, 2009 WL 1795305, at *3 (S.D. Ohio June 23, 2009) ("Once the default has been entered, the well-pleaded facts of the complaint relating to liability must be accepted as true." (citation omitted)). Stated differently, "[t]he effect of a default judgment is that the defendant 'admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.'" *Atl.*

*Recording Corp. v. Sandridge*, No. 1:07-CV-3764, 2008 WL 11377734, at *1 (N.D. Ohio Mar. 28, 2008) (citations omitted).

Even so, "[a] default judgment on well-pleaded allegations establishes only defendant's liability; plaintiff must still establish the extent of damages." *Kelley v. Carr*, 567 F. Supp. 831, 841 (W.D. Mich. 1983) (citations omitted). Therefore, when moving for a default judgment, the plaintiff must prove its entitlement to the amount of monetary damages requested. A court will not simply accept a plaintiff's statement of damages. *See Malibu Media*, 31 F. Supp. 3d at 911 ("But the Court is not free to enter judgment in the amount requested by the plaintiff."). Rather, "[t]he Court must conduct an inquiry to ascertain the amount of damages with reasonable certainty." *Priority Insulation v. Triple Crown Fin. Grp., Inc.*, No. 1:05-CV-563, 2006 WL 1529330, at *3 (S.D. Ohio June 5, 2006) (citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 111 (6th Cir. 1995); *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)); *see also Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009) ("Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." (citation omitted)).

Under Fed. R. Civ. P. 55(b)(2), the Court may conduct a hearing to determine the amount of damages. *See W. Stone Works Co. v. Wilson's Funeral Home*, No. 2:21-CV-02103-TLP-TMP, 2021 WL 2324505, at *3 (W.D. Tenn. June 7, 2021) (citation omitted). "However, a hearing is unnecessary if the evidence submitted is sufficient to support the damages request, or if the amount claimed may be discerned from definite figures in documentary evidence or affidavits." *Trs. of Plumbers Loc. 98 Defined Benefit Pension Fund v. Ward*, No. 2:20-CV-12665, 2021 WL 2389726,

at *2 (E.D. Mich. June 11, 2021) (citing *McIntosh v. Check Resol. Serv., Inc.*, No. 2:10-CV-14895, 2011 WL 1595150, at *4 (E.D. Mich. Apr. 27, 2011)).

In this instance, Artin has not submitted sufficient evidence to support its damages request. While Artin has pled that Dick made voidable transfers in the amount of "at least $364,881.38," it has not submitted evidence that these transfers actually occurred. (Pl.'s Mot. Default J. 3). Instead, Artin uses most of its motion to aver that it has "met its burden" as to the claims it brings against Dick. (Pl.'s Mot. Default J. 3-5). This is not in question, as upon the entry of default, all of Artin's well-pled allegations were deemed admitted. *See Ford Motor Co.*, 441 F. Supp. 2d at 846. This does not, however, change the Court's duty to determine the amount of damages with reasonable certainty. Artin points in a perfunctory manner to the "records produced by Bank of America" as proof of the amount of the voidable transfers, but the Court cannot documentation of those transfers in the record. (Pl.'s Mot. Default J. 5). Absent these records, the Court cannot ascertain the amount of damages attributable to Dick with reasonable certainty. *See Vesligaj*, 331 F. App'x at 355. Accordingly, Artin's motion is denied at this time.

## I. <u>CONCLUSION</u>

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment (DN 34) is **DENIED WITHOUT PREJUDICE**.

**Greg N. Stivers, Judge**
**United States District Court**
August 20, 2026

cc: counsel of record